# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

JOHN W. LINDSTROM,

        Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.

No. C 09-3053-MWB

**ORDER REGARDING
PLAINTIFF'S APPLICATION FOR
ATTORNEY FEES**

———————————

This case comes before me pursuant to a Memorandum Opinion And Order Regarding Magistrate Judge's Report And Recommendation (docket no. 21) accepting Chief Magistrate Judge Paul A. Zoss's Report And Recommendation (docket no. 18), entering judgment in favor of Lindstrom and against the Commissioner, and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g) for further development of the record. On June 5, 2011, Lindstrom filed an Application For Attorneys Fees Under The Equal Access To Justice Act (docket no. 23), seeking attorney fees, expenses, and costs in the amount of $2,806.04, and further requesting $350.00 from the Judgment Fund, administered by the United States Treasury, for reimbursement of the filing fee. *See* 28 U.S.C. § 2412(a). The Commissioner filed a Response (docket no. 24) on June 20, 2011, advising the court that the parties have agreed to an award of attorney fees, expenses, and costs and requesting that the court enter an order specifically awarding attorney fees and expenses of $2,631.08 to be paid by the Social Security Administration to the plaintiff in

accordance with *Astrue v. Ratliff*, ___U.S. ___, 130 S. Ct. 2521 (2010), and costs of $350.00 to be paid from the Judgment Fund.[1] *See* 28 U.S.C. § 2412(a).

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the Equal Access To Justice Act (EAJA), "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "*reasonable* attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded."). The United States Supreme Court recently held that attorney fees under § 2412(d) are payable to the litigant, not directly to the litigant's attorney. *See Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521 (2010).

---

[1] Defendant contacted plaintiff's counsel regarding a possible calculation error in the plaintiff's initial claim of $2,806.04 for attorney fees, expenses, and costs. Defendant and plaintiff reached an agreement for an EAJA fee payment of $2,631.08. (docket no. 24)

Here, the parties do not dispute, and I find, that Lindstrom is a "prevailing party." *See* 28 U.S.C. § 2412(d)(1)(A). The parties also do not dispute, and I find, that Lindstrom's fee application is timely. *See* 28 U.S.C. § 2412(d)(1)(B). Furthermore, the parties do not dispute whether there are any circumstances making an award of attorney fees unjust. *See id.* Upon review of Lindstrom's counsel's Declaration, attached to Lindstrom's Application, which contains an itemization of the hours that Lindstrom's counsel logged for this case, I find that an award of attorney fees and expenses in the amount of $2,631.08 is reasonable and appropriate, *see* 28 U.S.C. § 2412(d)(2)(A), and that it is supported by "uncontested proof of an increase in the cost of living" so that an hourly rate in excess of the statutory rate is justified. *See Johnson*, 919 F.2d at 505; *see also* 28 U.S.C. § 2412(d)(2)(A)(ii). Finally, because the Supreme Court has now made clear that attorney fees under § 2412(d) are payable to the litigant, not directly to the litigant's attorney, *see Ratliff*, ___ U.S. at ___, 130 S. Ct. at 2525-26, I will direct payment of the attorney fees to Lindstrom.

THEREFORE, Lindstrom's Application For Attorneys Fees Under The Equal Access To Justice Act (docket no. 23) is **granted**, to the extent that I award attorney fees and expenses in the agreed amount of $2,631.08 and additional costs of $350.00, paid directly to Lindstrom, not to his attorney. The Social Security Administration shall pay $2,631.08 and the costs of $350.00 shall be paid from the Judgment Fund administered by the United States Treasury.

**IT IS SO ORDERED.**

**DATED** this 28th day of June, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA